UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMAS MATOS and
JEANNIE BERRY-MATOS,

    Plaintiffs,

    v.                                                                          Case No. 24-CV-544-SCD

JOSEPH NANTOMAH,
ONYEKA NANTOMAH, and
INVESTORS CAPITAL LLC,

    Defendants.

---

### ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

    This case involves a dispute between the plaintiffs, Tomas Matos and Jeannie Berry-Matos, and the defendants, Joseph Nantomah, Onyeka Nantomah, and Investors Capital LLC, pertaining to two investment agreements the parties executed in 2022. The plaintiffs seek an order compelling Joseph and Onyeka Nantomah to appear at a scheduled deposition and awarding the plaintiffs fees and costs associated with bringing their motion. For the reasons given below, I will grant the plaintiffs' motion to compel.

    The plaintiffs filed this action on May 2, 2024, asserting claims for breach of contract, civil theft, deceptive trade practices, the sale of an unregistered security, the misstatement or omission in the sale of a security, and securities fraud. *See* Compl., ECF No. 1. The matter was reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 6, 8, 9. After the defendants

filed their answer, *see* ECF No. 5, the court held a scheduling conference with the parties, *see* ECF No. 12, and issued a scheduling order, *see* ECF No. 13.

Between October 22, 2024, and January 6, 2025, the plaintiffs' lawyer repeatedly attempted to coordinate with the defendants' lawyer to schedule the depositions of Joseph and Onyeka Nantomah. *See* Goodhart Aff., ¶¶ 7–8, ECF No. 15. After receiving no response or input, plaintiffs' counsel issued deposition notices, scheduling their depositions for January 17, 2025. *Id.* ¶ 8. On January 15, 2025, the defendants' lawyer told the plaintiffs' lawyer that the Nantomahs were not able to attend their depositions because Onyeka was in the hospital in Miami, and Joseph had to care for their children. *Id.* ¶ 9. The defendants' lawyer did not provide any alternative dates for the depositions.

A few days later, the plaintiffs filed a motion to compel pursuant to Rule 37 of Federal Rules of Civil Procedure. *See* Pls.'s Mot., ECF No. 14. Rule 37 allows a court to "order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). It is undisputed that the Nantomahs failed to appear at their properly noticed depositions. Although extenuating circumstances may justify the late cancellation, the defendants have failed to provide proof of their alleged reason for cancelling last minute or offer alternative dates for rescheduling. The defendants also have not responded to the plaintiffs' motion to compel.

Accordingly, the court **GRANTS** the plaintiffs' motion to compel, ECF No. 14, and **ORDERS** Joseph and Onyeka Nantomah to appear at a scheduled deposition and to pay the plaintiffs' reasonable expenses caused by the Nantomahs' failure to appear, *see* Fed. R. Civ. P. 37(d)(3). The court also **GRANTS** the plaintiffs' motion to extend dispositive motion deadline, ECF No. 16. The parties may have until **May 1, 2025**, to file dispositive motions.

2

**SO ORDERED** this 3rd day of March, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge