UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TOMAS MATOS** and
**JEANNIE BERRY-MATOS,**

    **Plaintiffs,**

    v.                                                  Case No. 24-CV-544-SCD

**JOSEPH NANTOMAH,**
**ONYEKA NANTOMAH,** and
**INVESTORS CAPITAL LLC,**

    **Defendants.**

---

### ORDER

---

      This case involves a dispute between the plaintiffs, Tomas Matos and Jeannie Berry-Matos, and the defendants, Joseph Nantomah, Onyeka Nantomah, and Investors Capital LLC, pertaining to two investment agreements the parties executed in 2022. After the defendants failed to make good on those investment agreements, the plaintiffs filed this action in May 2024, asserting claims for breach of contract, civil theft, deceptive trade practices, the sale of an unregistered security, the misstatement or omission in the sale of a security, and securities fraud. *See* Compl., ECF No. 1. The matter was reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 6, 8 & 9.

      The parties eventually agreed to settle the plaintiffs' claims. *See* Goodhart Decl. ¶ 3, ECF No. 27. Pursuant to the settlement agreement, defendants Joseph Nantomah and Investors Capital LLC agreed to pay the plaintiffs $250,000.00 in three installments, the first

of which was due on August 30, 2025. *See* Goodhart Decl., Ex. A, at 2, ECF No. 27-1. The defendants further agreed that, if they failed to timely make a payment, the court shall enter "default judgment" in favor of the plaintiffs and against the defendants, jointly and severally, in the amount of $400,000.00, less any amounts previously paid. *See id.* The defendants also expressly waived any notice, procedural rights, or objections relating to the entry of default judgment and agreed not to contest the entry, enforceability, validity, or amount of the default judgment. *Id.*

On September 3, 2025, the plaintiffs moved for default judgment, asserting that the defendants failed to make the first installment payment on August 30. *See* Pls.' Mot., ECF No. 26. According to the plaintiffs, the defendants' failure to make the initial installment payment constitutes a material breach of the settlement agreement. They ask me to enter default judgment against Joseph Nantomah and Investors Capital LLC, jointly and severally, in the amount of $400,000.00, plus interest accruing at a rate of $55.56 per day beginning on August 30, 2025, together with reasonable attorney fees and costs incurred by the plaintiffs.

The plaintiffs' request for *default judgment* is misplaced. Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[] and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The plaintiffs do not allege that the defendants have failed to plead or otherwise defend this action. *See* Pls.' Mot. 1–3. Rather, what they really seek is final judgment under Rule 54 of the Federal Rules of Civil Procedure based on the defendants' failure to comply with the payment obligations under the settlement agreement. I will therefore

2

construe the plaintiffs' motion for default judgment as a motion for final judgment under Rule 54.[1]

The plaintiffs have demonstrated that they are entitled to judgment under Rule 54. According to Rule 54, a final judgment other than a default judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. 54(c). Joseph Nantomah and Investors Capital LLC agreed to the entry of judgment in the amount of $400,000.00 if they failed to timely make a payment specified in the settlement agreement. It is undisputed that they failed to timely make the first installment payment. Joseph Nantomah and Investors Capital LLC also agreed to waive any objections relating to the entry of judgment.

Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiffs' motion for judgment, ECF No. 26, and **DENIES** the plaintiffs' motion to strike, ECF No. 28. The clerk of court shall enter final judgment in favor of the plaintiffs and against the defendants, jointly and severally, in the amount of $400,000.00, plus interest accruing at a rate of $55.56 per day beginning on August 30, 2025. If the plaintiffs seek to recover any costs, they must follow the procedure outlined in Civil Local Rule 54. Finally, the parties shall attempt to reach a resolution regarding the plaintiffs' requested attorney fees. Should the parties fail to reach an agreement, the plaintiffs may have until **November 28, 2025**, to file a motion for attorney fees.

---

[1] The plaintiffs' lawyers have made this same mistake before in a substantially similar action against Joseph Nantomah and Investors Capital LLC. *See* Order, *Anyanwu v. Nantomah*, No. 24-cv-233-NJ (Aug. 8, 2025), ECF No. 38. Perhaps attempting to rectify that error, the plaintiffs in this case recently moved to strike the defendants' answer as a sanction for discovery violations. *See* Pls.' Mot., ECF No. 28. That relief appears unnecessary and incongruent with the plaintiffs' request for final judgment. Thus, I will deny the motion to strike.

**SO ORDERED** this 6th day of November, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge